■ FENTRON ARCHITECTURAL METALS CORP., Appellant, v SHELDON H. SOLOW, Doing Business as SOLOVIEFF REALTY COMPANY, et al., Respondents.— Order, Supreme Court, New York County, entered November 21, 1973, unanimously reversed, on the law, and order entered July 3, 1973, which was vacated on reargument by the order of November 21, 1973, reinstated in full force and effect. Appellant shall recover of respondents $40 costs and disbursements of this appeal. In a proceeding under article 3-A of the Lien Law, plaintiff-appellant contractor, who had performed certain work on an office building, moved for an accounting of all article 3-A assets (Lien Law, § 77). The application was based on the results of an examination of the building project's books and records, sought pursuant to section 76 of the Lien Law, inasmuch as no payment to plaintiff had been made for upwards of 30 days. The examination disclosed, to begin with, an imperfect set of records, and further that defendant-respondent was, through the device of a corporation and an assumed business name, both the fee owner of the property and the builder of the structure. There is a factual dispute as to whether he also owns the beneficial interest in BLK Realty Corporation, lessee of the building, which had secured a building loan from a bank, apparently on the basis of the lease. As soon as the loan was arranged, BLK assigned the lease back to defendant. Strangely, each time that a payment was due to be made under the loan, defendant assigned the lease back to BLK to receive the payment, and reassigned it back thereafter. The question sought to be determined was where the money then went, for apparently it did not go to the contractors, least of all to plaintiff. It appeared also that BLK had no contract with anyone looking to completion of the building, for which it was, at least in theory, receiving building loan payments. The examination indicated that more than six million dollars had been received in such payments and then paid, it was said, for ground rent. On this showing the motion was granted to the extent of directing a reference as to whether the permissible item of ground rent had actually been paid.

Defendant moved for reargument, indicating that indeed the larger portion had not gone for ground rent but to reimburse defendant for other permissible items of expenditure, and that the corporate veil of the corporations involved could not be pierced on mere conjecture. On reconsideration, the court reversed its previously expressed opinion and held that there had been no proof of fraudulent diversion, such proof being essential to the securing of an interim accounting of the trust funds. The application for the accounting was denied on the basis that plaintiff had not established a clear right thereto. This was error. Plaintiff's right to the relief sought finds its basis in the statute. The whole scheme set up by article 3-A of the Lien Law gives any contractor who has not been paid a clear right to inquire into what happened to moneys advanced for the very purpose of paying costs of improvement, inclusive of moneys due contractors (Lien Law, § 76). Quite obviously, it is at least uncertain what happened to the proceeds of the building loan, and the circumstances clearly call for inquiry by the referee by way of accounting for the trust funds. Settle order on notice. Concur—Stevens, P. J., Markewich, Tilzer, Lane and Yesawich, JJ.